UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ROBERT ALAN SHERRILL,                                          3:15-cv-1758-JR

                              Plaintiff,

                                        FINDINGS & RECOMMENDATION

        v.

Commissioner of Social Security,

                              Defendant.
_____

RUSSO, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision

denying plaintiff's application for disability insurance benefits.

        Plaintiff asserts disability beginning July 1, 2005, due to his history of cancerous lymphoma

of the pancreas and residuals from chemotherapy.  Plaintiff alleges his chemotherapy treatment left

him with neuropathy, chronic fatigue, pain, a cognitive "fog," depression, generalized anxiety

disorder, and post traumatic stress disorder preventing him from working.

        Despite asserting disability beginning July 2005, plaintiff did not file for benefits until May

Page 1 - FINDINGS & RECOMMENDATION

2012. Transcript of Record (Tr.) 100. Plaintiff was diagnosed with lymphoma of the pancreas in July 2005. Tr. 275. Plaintiff then underwent six cycles of chemotherapy ending in November 2005. Id. By February 2006, plaintiff's treating physician, Dr. Christine Schjelderup, confirmed the cancer was in remission, however plaintiff suffered ongoing abdominal pain. Id.

Plaintiff has a sparse employment history with his Federal Insurance Contributions Act earnings demonstrating he stopped working altogether in 2003. (Tr. 199). Accordingly, plaintiff's last date insured for purposes of disability insurance was December 31, 2005. As such, to be eligible for benefits, plaintiff must demonstrate disability as of December 2005.

After a hearing, an administrative law judge (ALJ) determined plaintiff was not disabled. The ALJ found plaintiff's residual functional capacity allowed him to perform a full range of light work and allowed him to perform jobs that exist in significant numbers in the national economy through December 31, 2005. Tr. 20-21.

Plaintiff argues the ALJ erred by: (1) rejecting the opinions of treating and examining physicians in favor of the opinions of non-examining physicians; (2) rejecting plaintiff's testimony; and (3) rejecting lay witness statements.

A.     Medical Opinions

Although plaintiff frames the issue regarding medical opinions as improper rejection of expert medical opinion, plaintiff fails to indicate any treating source that found plaintiff disabled. In essence, plaintiff equates receiving treatment for his stated impairments following his date last insured as conclusive evidence of disability. Plaintiff fails to point the court to any medical opinion demonstrating limitations associated with those impairments during the relevant time period, or any time period.

Plaintiff argues the ALJ selectively relied on only those portions of the treatment record supporting the ultimate non-disability finding and ignored contrary evidence. However, it is not clear what contrary evidence in the medical record plaintiff relies upon.

The ALJ cited to the opinions of Drs. Robert Sklaroff, M.D., Jacqueline Farwell, M.D., Kordell Kennemer, Psy.D., and Bill Hennings, Ph.D. regarding plaintiff's functional limitations. Tr. 14, 17-18.

Dr. Kennemer, a non-examining medical consultant, reviewed the record for any potential mental impairment from July 1, 2005, to December 31, 2005. Dr. Kennemer found plaintiff had no restrictions of activities of daily living; no difficulties in maintaining social functioning; no difficulties in maintaining concentration, persistence, or pace; and no repeated decompensation episodes of extended duration. Tr. 14, 103. Dr. Hennings, another non-examining consultant, found insufficient evidence to determine whether plaintiff suffered from a mental impairment for the relevant time period. Tr. 14, 113-14.

Plaintiff asserts the ALJ improperly ignored the voluminous clinical documents of treating and examining physicians in favor of non-examining physicians. However, plaintiff does not identify any medical evidence that he suffered a severe mental impairment, alone or in combination with any other impairments, during the relevant time period, that had more than a minimal impact on his activities of daily living or ability to work.[1] Indeed, the record indicates that by January 2006,

_____

[1]Plaintiff argues the consultant's finding of no disability differed "from the numerous professionals who had personally examined plaintiff and treated plaintiff .... *cf.* R. 248-1040 (documenting plaintiff's diagnosis and treatment for stated disabilities through his voluminous medical record)." Plaintiff does not state what restrictions were found by his treating doctors. Plaintiff was represented by counsel before the ALJ and is represented in this court. The court has no duty to search the record on plaintiff's behalf. Cf. Kenny v. Weinberger, 417 F.Supp. 393, 397 (E.D.N.Y 1976) (where plaintiff is not represented, ALJ has duty to scrupulously and

plaintiff's alleged depression was "so much better on Prozac [which] has made all the difference ...

the cloud has lifted." Tr. 273. Thus, even if there were medical opinion establishing plaintiff

suffered from a severe mental impairment, the ALJ's reliance on medical opinion to the contrary was

not error. See Wilson v. Astrue, 406 Fed. Appx. 636 (9th Cir. 2010) (treating physician opinion

finding disability may be rejected where symptoms significantly improved with medication).[2]

Finally, it is not the ALJ's duty to prove plaintiff not disabled, but, rather, plaintiff has the burden

to prove that he is, in fact, disabled. 20 C.F.R. § 1512(a) (claimant must prove he is disabled).

Dr. Farwell determined plaintiff's exertional limitations were consistent with light work. Tr.

17, 104-05. Although there is a progress note dated February 15, 2006, indicating residual

abdominal pain following plaintiff's successful cancer treatment, there are no limitations attached

to the note. Further, the record is devoid of significant ongoing problems following the February 15,

2015 visit sufficient to establish the requisite 12 month duration of disabling impairment. See 20

C.F.R. § 404.1509. In fact, plaintiff informed Dr. Schjelderup on March 22, 2006, that his pain was

under excellent control. Tr. 915.

Next, plaintiff asserts the ALJ erred in accepting Dr. Sklaroff's assessment. Dr. Sklaroff, an

oncologist, reviewed plaintiff's entire medical file and testified by phone at the ALJ hearing.[3] Dr.

---

conscientiously explore the record for all relevant facts and the court has a duty to undertake a
searching investigation of the record).

[2]The ALJ also relied on this evidence to find plaintiff not disabled due to any mental
impairment. Tr. 14.

[3]Plaintiff argues there is some doubt as to whether Dr. Sklaroff reviewed or understood
plaintiff's file due to Sklaroff's computer difficulties. However, the record indicates that Sklaroff
reviewed the file prior to the hearing. See. e.g., Tr. 76-77, 79-80 (indicates computer problems
and that he may have to go from memory, but he otherwise "understands the entire situation" and
he did review the files–"saw everything").

Sklaroff testified the chemotherapy probably caused peripheral neuropathy and could cause short-term cognitive issues. Tr. 84, 85. Dr. Sklaroff also testified that the record does not demonstrate persistent neuropathy. Tr. 87, 89 (no neurological findings). In sum, Dr. Sklaroff found no support for restrictions inconsistent with light work. As referenced above, plaintiff merely notes the record indicates treatment for neuropathy and cognitive issues, but fails to explain what limitations were associated with those impairments and whether such limitations were disabling as of the date last insured. Indeed, Dr. Osamu Muramoto, who examined plaintiff on August 14, 2006, found only mild sensory neuropathy with normal motor coordination and strength. Tr. 931, 932. Accordingly, the ALJ did not err in accepting Dr. Sklaroff's assessment.

Overall, the opinions of the non-examining consulting doctors provide the ALJ with substantial evidence of plaintiff's ability to perform light work. Without contrary evidence to establish disabling limitations, the ALJ did not err in finding plaintiff able to engage in light work based on the medical record. See Morgan v. Commissioner of Social Security, 169 F.3d 595, 600-01 (9th Cir. 1999) (opinions of a non-examining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record, and are consistent with that evidence; ALJ may reject treating physician opinion that fails to show how symptoms translate into specific functional deficits).

B.    Plaintiff's Testimony

As noted above, plaintiff fails to connect any treating source to a disability opinion. The arguments regarding medical opinion more appropriately rely on plaintiff's own assessment of his

condition, supported by his ongoing treatment, to demonstrate disability.[4]   However, the ALJ

determined plaintiff lacks credibility.  Plaintiff asserts the ALJ erred in this regard.

Plaintiff testified that after chemotherapy he was exhausted all the time. Tr. 52-53.  When

asked whether his energy level ever improved, he stated:

> [I]t's still pretty much the way it was, which is just I have no stamina.  I'm just–which
> is very hard to deal with because there's so many things that ... I used to do ... I took
> care of the house ... the maintenance.  I still ... got chemo brain and it's hard to ... find
> words sometimes which is very frustrating.  I was told that would go away in six
> months, but it didn't.

Tr. 53.  See also Tr. 61 (the neuropathy continues to get worse and no improvement in energy level).

Plaintiff maintains he is always angry due to pain caused by peripheral neuropathy. Tr. 53-

54.  He articulates that pain and numbness in his hands prevents him from driving, and that pain and

numbness in his legs and feet feels like someone is stabbing him with needles. Tr. 54-55.

Plaintiff states the pain and fog necessitates one or two naps a day and causes him to lose

focus.  Plaintiff further states pain medication side effects hinder his functioning and he has

addiction issues as well. Tr. 57-58.  As a result, plaintiff asserts as of his date last insured he was

unable to work due to decreased stamina and inability to use his hands. Tr. 60.  Finally, plaintiff

testified on his worst days he can do no more than "lay around," and those days occur once a week

or more if he exerts himself. Tr. 62.

The ALJ found plaintiff's assertions less than credible because he took care of his parents,

---

[4]Under SSR 16-3p, the Commissioner evaluates plaintiff's description of symptoms and
limitations by determining whether plaintiff has medically determinable impairments that could
cause the alleged symptoms.  The Commissioner then considers objective medical evidence,
other evidence from the plaintiff, and evidence from medical and non-medical sources.  In
evaluating the intensity, persistence and limiting effects of symptoms, the Commissioner
considers factors such as daily activities, precipitating factors, treatment and medication
effectiveness, side effect of medications, postural measures to alleviate symptoms, etc.

Page 6 - FINDINGS & RECOMMENDATION

worked as a disc jockey in October 2005, his medical records showed improvement without referencing pain issues, he has a work history showing a disinterest in work rather than inability to work, his daily activities show a greater ability to function than alleged, and he significantly delayed applying for benefits. Tr. 16-17.

The record supports the ALJ's findings. Plaintiff's own work statement shows he did not work between 1997 and 2003. Tr. 215. His earnings reports show no earnings in 2001 and 2002, and no earnings after 2003. Tr. 199. A poor work history before the claimed disability date is a specific, clear, and convincing reason for rejecting a plaintiff's credibility. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff's daily activities included working on bicycles so his hands would not atrophy. Tr. 57. He reported to medical providers that he builds bicycles. Tr. 561. His reported hobbies included restoring an old pickup truck and cars. Tr. 369, 471. He told medical providers that his functional status is good and that he cares for his father and does household chores. Tr. 471. He also told medical providers that he is "an avid bicyclist." Tr. 604. Daily activities also provide grounds for discrediting allegations of disability where they contradict claims of totally debilitating impairment even if they suggest some difficulty with functioning. Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012).

Finally, the ALJ noted that by March 2006, plaintiff reported he continued to be pain free and that his pain was under excellent control Tr. 17, 914, 915. Responding favorably to conservative treatment is also a clear and convincing reason for discounting severity of symptoms testimony. Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).

The ALJ offered specific, clear, and convincing reasons for rejecting plaintiff's subjective

Page 7 - FINDINGS & RECOMMENDATION

testimony and, thus, did not err in failing to credit plaintiff's alleged inability to work.

C.    Lay Testimony

Plaintiff asserts the ALJ improperly rejected lay witness testimony.

Plaintiff's wife, Sharon Sherrill, described plaintiff as weak, nauseous, and foggy when he underwent chemotherapy.  She also opined plaintiff could not work for 40 hours a week or eight hours a day.  Tr. 18.  The ALJ declined to give full weight to her testimony because it failed to link plaintiff's current alleged limitations to problems that existed on or before the date last insured.  Tr. 19.

Plaintiff's brother, Larry Sherrill, wrote a letter stating that after plaintiff underwent chemotherapy, he changed and has only gotten worse with the passage of time.  Tr. 246.  The ALJ noted that the specific references provided by plaintiff's brother were for events that occurred after the date last insured, or failed to give any date whatsoever, and thus the ALJ gave limited weight to Larry Sherrill's letter.  Tr. 19.

The ALJ gave germane reasons for rejecting the lay witness testimony and thus did not err. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2011) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (A disability claimant must prove he was permanently disabled or subject to a condition which became disabling prior to his last insured date).

**CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner should be affirmed and this case should be dismissed.

Page 8 - FINDINGS & RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 24th day of August 2016.

JOLIE A. RUSSO
United States Magistrate Judge